# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

ALEC CANAS Individually and a/n/f    §
of J.C., a minor    §
   §
   §      Civil Action No: 4:24-cv-3652
vs.    §
   §          (jury)
   §
UNITED STATES OF AMERICA    §

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff ALEC CANAS, Individually and a/n/f of J.C., a minor ("Plaintiff")

files his Original Complaint against UNITED STATES OF AMERICA ("Defendant") and

would respectfully show:

## I.
### PARTIES

1. Plaintiff ALEC CANAS is an individual residing in Harris County, Texas.

2. Defendant UNITED STATES OF AMERICA may be served with process by

delivering a copy of the Summons and Complaint to the Honorable Alamdar S. Hamdani,

United States Attorney for the Southern District of Texas, 1000 Louisiana, Suite 2300,

Houston, Texas 77002 and by sending a copy of the Summons and Complaint by certified

mail, return receipt requested to the Honorable Merrick Garland, Attorney General of the

United States, United States Department of Justice, 950 Pennsyvania Avenue, North West,

Washington, D.C. 20530-0001.

## II.
## JURISDICTION

3.    This Court has subject-matter jurisdiction of this case under 28 U.S.C. §1346(b) and/or 2671-2680 because the suit involves a claim against the United States of America for personal injuries caused by the negligent act or omission of a governmental employee while acting within the course and scope of her employment with the United States Postal Service and because this incident falls under the Federal Tort Claims Act.

## III.
## VENUE

4.    Venue is proper in this district under 28 U.S.C. §1402(b) because the acts and omissions complained of occurred in Harris County, Texas which is within the bounds of this judicial district.

## IV.
## CONDITIONS PRECEDENT

5.    Plaintiff ALEC CANAS, individually and a/n/f of J.C., a minor, timely presented his claim to the United Sates Postal Service via a Standard Form 95.  The United States Postal Service denied said claim necessitating the filing of this suit.

## V.
## FACTS

6.    On October 12, 2019 Alec Canas was driving southbound on the Sam Houston Tollway near the Genoa-Red Bluff exit.  J.C., a minor, is Mr. Canas' son and was a passenger in Mr. Canas' vehicle.  Lenorah Antoine, upon information and belief, was a United States Postal Service employee driving a Peterbilt 18-wheeler owned by the United States Postal Service.  Suddenly and without warning, Ms. Antoine swerved and attempted to merge into the lane

occupied by the Canas vehicle. The unsafe lane change caused Mr. Canas to turn left in an attempt to avoid a collision. However, this caused Mr. Canas to lose control and crash into a concrete barrier wherein Ms. Antoine's 18-wheeler then crashed into Mr. Canas' vehicle.

7.    The violent collisions caused by Ms. Antoine's operation of a United States Postal Service vehicle caused Mr. Canas and J.C. to sustain personal injuries to their neck and back requiring medical treatment. Additionally, Mr. Canas' vehicle was rendered a 'total-loss' thereby incurring property damage. Ms. Antoine's negligent acts and/or omissions in operating the United States Postal Service vehicle were a direct, producing, and proximate cause of Plaintiff's personal injuries and property damage.

**VI.**
**CAUSE OF ACTION – Federal Tort Claims Act**

8.    On the occasion in question, Lenorah Antoine, driving a United States Postal Service vehicle, owed a duty to conduct herself in a manner consistent with the traffic laws of the State of Texas and to act as a reasonably prudent person would act.

9.    Ms. Antoine, upon information and belief, was acting within the course and scope of her employment with the United States Postal Service in operating a United States Postal Service vehicle.

10.  Ms. Antoine breached her duties in one or more of the following ways:

  a.    Failing to timely apply the brakes to avoid a collision;

  b.    Failing to control her speed while operating a motor vehicle;

  c.    Failing to yield to a vehicle occupying a lane while attempting to merge;

  d.    Failing to pay attention while operating a motor vehicle; and

e.    Failing to exercise reasonable care to avoid injury to individuals, like Plaintiff.

11.    Ms. Antoine's acts and omissions were a proximate cause of Plaintiff's injuries.

12.    Under the laws of the State of Texas, a private person would be liable to Plaintiff for the same acts and/or omissions of Defendant.  Therefore, under 28 U.S.C. §2674, the United States of America is liable to Plaintiff for his damages resulting from the personal injuries.

## VII.
## *RESPONDEAT SUPERIOR*

13.    Defendant is liable for the torts committed by its employees during the course and scope of their employment. Defendant's employees while acting within the course and scope of their employment (and in furtherance of Defendant's business), had a general duty to exercise reasonable care in performing their work. Defendant's employee, however, failed to exercise the requisite standard of care under the circumstances. As a result, Defendant is liable for the injuries sustained by Plaintiff and his son, J.C., a minor.

## VIII.
## DAMAGES

14.    Plaintiff suffered damages and demands a judgment for all relief to which he may be entitled in law or equity. Plaintiff asks to be fairly and reasonably compensated for each category of damage to which he is entitled, including:

- o    Physical pain and mental anguish suffered in the past and which will reasonably be expected to be suffer in the future;

- o    Disfigurement suffered in the past and which will reasonably be expected to be suffered in the future;

o    Physical impairment suffered in the past and which will reasonably be expected to be suffered in the future;

o    Medical expenses and other related costs in the past and which will reasonably be expected to be suffered in the future; and

o    Property damage to Plaintiff's vehicle.

## IX.
## JURY DEMAND

15.    Plaintiff asserts his rights under the 7th Amendment to the United States Constitution and demands, in accordance with Fed. R. Civ. P. 38, a trial by jury on all issues.

## X.
## PRAYER

16.    For the above reasons, Plaintiff prays for judgment against Defendant, with interest on the judgment at the legal rate, pre-judgment interest, costs of court and for such other further relief, both in law and equity, to which Plaintiff may show himself justly entitled.

Respectfully Submitted,

Clifford D. Peel II
**The Peel Law Firm**
State Bar No. 24068776
Fed. ID No. 1065189
4888 Loop Central Dr. Suite 530
Houston, Texas 77081
Ph: (713) 300-9980
Fax: (281) 408-4499
cpeel@peel-lawfirm.com

**ATTORNEY FOR PLAINTIFF**